# FOURTH DEPARTMENT.

## GENERAL TERM, DECEMBER, 1873.

KELLY v. DEE, appellant.

*Defense—settlement—agreement to settle, when a defense.*

Plaintiff brought action against defendant for work, etc. The cause was referred. Upon the day noticed for trial, the parties agreed upon a settlement. Both informed the referee of that fact, and he left the place where the trial was to be had. Before the necessary papers were drawn, plaintiff refused to adhere to the settlement, although defendant tendered performance on his part. The referee was sent for, and he came and began the trial. Defendant objected to the proceedings, on the ground of the settlement, evidence of which was offered and rejected. The trial was commenced and adjourned. Before the next hearing, defendant, by leave of court, at special term, put in a supplemental answer, setting up the settlement. The trial proceeded to a conclusion. The referee found that there was no settlement, and gave judgment for the amount of plaintiff's claim.

*Held,* That the agreement made between plaintiff and defendant, and the defendant's tender of performance, constituted a good cause of action in equity, for specific performance, and defendant was entitled, under the Code, to set it up as a defense in this action.

APPEAL from a judgment in favor of plaintiff, entered upon the report of a referee. The facts sufficiently appear in the opinion.

*Luddington & Gillespie,* for appellant.

*Gott, Garfield & Hoyt,* for respondent.

MULLIN, P. J. The plaintiff sued the defendant to recover for work, labor and services, and for board of defendant's hired man. The answer denied the matters alleged in the complaint, and alleged a set-off and counter-claim. The plaintiff replied, denying the

counter-claim. The issues were referred, and the trial was commenced on the 7th of February, 1873. On that day, the defendant's counsel objected to proceeding with the trial, on the ground that the issues and subject-matter of the action had been settled, and offered evidence to prove such settlement.

The plaintiff's counsel objected to the evidence as improper and irrelevant. The objection was sustained, and the evidence rejected. The further hearing was then adjourned until the 14th of February. On the 14th, an order was granted, by the special term in Onondaga, permitting the defendant to put in a supplemental answer, setting up the settlement of the action; and a supplemental answer, setting up said settlement, was put in. The trial proceeded on the 14th of February. The plaintiff gave evidence tending to prove the causes of action set out in his complaint. The defendant gave evidence tending to prove that the plaintiff did not work for him as long as he claimed to have done, and that he (plaintiff) consented that there might be deducted from his claim one-half of his wages, for the months of November and December, 1871, and for January and February, 1872. The plaintiff denied having given such consent. The referee finds the defendant indebted to the plaintiff for the full amount of his account, as proved by him, together with interest, and thus necessarily finds that the plaintiff did not consent to the deduction claimed by the defendant.

As to the settlement set up in the supplemental answer, it appears that, on the 7th day of February, the parties met, in the absence of the referee, and commenced negotiations for a settlement of the suit. Terms were agreed upon, and, when the referee appeared, he was told by both parties that the cause was settled, and he thereupon left. By the terms of the settlement, defendant was to pay plaintiff $100 in money, down, and give him his note for $276, and pay the fees of the referee. After the referee left the room, the counsel proceeded to, and did, draw the papers necessary to complete the settlement; but, before they were executed, a misunderstanding arose as to the terms of the settlement, and the plaintiff refused to carry it out, and the referee was sent for, to go on with the trial, and he returned and did proceed and finish the trial, notwithstanding the objection of the defendant's counsel. The referee finds the facts in reference to the settlement to be as above set forth, and his conclusion is that the suit was not settled, and he orders judgment for the plaintiff for his damages and interest. The findings of the referee are upon

conflicting evidence, and cannot be reviewed by us. The referee finds, among other things, that the defendant tendered to the plaintiff performance of the agreement entered into between the parties to settle the suit, and the defendant's supplemental answer demands judgment that said agreement be specifically performed.

This agreement, accompanied by tender of performance, constituted a good cause of action in equity for a specific performance of said agreement (Fry on Specific Performance, 971, 972), and, under the Code, the defendant is entitled to set it up as a defense to plaintiff's action.

The judgment must be reversed and a new trial ordered, before another referee, costs to abide the event.

*Judgment reversed and new trial ordered.*